IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| FAUSTO YESID VALERO-CABEZA, <br><br> Petitioner, <br><br> vs. <br><br> IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.[1] <br><br> Respondents. | No. C25-217-LTS-MAR <br><br> **MEMORANDUM OPINION AND ORDER** |

Petitioner Fausto Valero-Cabeza is a Colombian national who entered the United States without inspection. Doc. 8-3 at 3. On May 10, 2022, he encountered border patrol, who released him on parole. *Id.* On November 19, 2025, he encountered Immigration and Customs Enforcement (ICE) at the Dallas County Weigh Station near Van Meter, Iowa, and was taken into ICE custody. He has had a pending asylum application since March 2023. *See* Doc. 8-5.

On December 18, 2025, the Department of Homeland Security filed a motion to pretermit Valero-Cabeza's protection applications, including his application for asylum.

---

[1] Valero-Cabez named Immigration and Customs Enforcement (ICE) and the Hardin County Correctional Center as respondents. However, "the proper respondent to a habeas petition is the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (cleaned up). That is typically the warden of the facility where the petitioner is being held. *Id.* at 435. But the typical petitioner historically has not been a federal immigration detainee placed in a county jail for want of space in federal facilities. The record is unclear who would be responsible for complying with my order, so I provisionally add Peter Berg, ICE Director of the St. Paul Field Office, Todd Lyons, Acting Director of ICE, Sirce Owen, Acting Director of Executive Office of Immigration Review, Pamela Bondi, U.S. Attorney General, and Dave McDaniel, Hardin County Sheriff, as parties. Rule 21 of the Federal Rules of Civil Procedure appears to allow such action so long as it is on "just terms." And I find taking such action is just given how each added federal respondent has been a past party to other § 2241 petitions, in which they were represented by the same attorney, and have submitted similar briefs to the one docketed here.

The motion was based on an argument that he may be removed pursuant to a bilateral or multilateral asylum cooperate agreement (ACA) to a country where his life or freedom would not be threatened on account of a protected ground and he would have access to a full and fair procedure for determining a claim to asylum or similar protection. *See* Doc. 8-6. Valero-Cabeza was scheduled for an in-person master hearing before the immigration court in Omaha, Nebraska, on January 22, 2026. Doc. 8-4.

Respondents represent that Valero-Cabeza's detention is pursuant to the framework of 8 U.S.C. § 1225(b)(2) and he is therefore ineligible for bond. Doc. 5 at 11.[2] Valero-Cabeza seeks a writ of habeas corpus under 28 U.S.C. § 2241, contending that he falls within a class of aliens eligible for bond under 8 U.S.C. § 1226(a) and his ongoing detention violates due process. Doc. 1. Respondents have filed a response. Doc. 5. Oral argument is not necessary. *See* LR 7(c).

Courts have ruled that petitioners in similar situations and who have been present in the United States do not fit the criteria of § 1225(b)(2). *See Edy L. v. Bondi*, No. 26-cv-65, 2026 WL 91481, at *1 (D. Minn. Jan. 13, 2026); *Yulexi T. v. Noem*, No. 26-cv-68, 2026 WL 77022, at *1–2 (D. Minn. Jan. 10, 2026); *Mairena-Munguia v. Arnott*, ___ F. Supp. 3d ___, 2025 WL 3229132, at *1, *4 (W.D. Mo. Nov. 19, 2025). In this case, respondents' own exhibits undermine their position that Valero-Cabeza should be detained under § 1225(b)(2) as an "alien seeking admission." In the Notice to Appear dated November 20, 2025, Valero-Cabeza was charged as "an alien present in the United States who has not been admitted for paroled," leaving the box for "an arriving

---

[2] The record is unclear whether Valero-Cabeza has requested a bond redetermination hearing before an Immigration Judge. However, I take judicial notice of the Board of Immigration Appeals decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), ruling that alleged aliens similarly-situated to Valero-Cabeza fit within the mandatory detention framework. Although respondents do not invoke administrative exhaustion as a ground to defeat the petition, if they had, such procedure would be futile. *See Lozhkina v. Noem*, No. 26-cv-3001, 2026 WL 105024, at *2 (W.D. Mo. Jan. 14, 2026) (finding no need to administratively exhaust when such request would be futile).

alien" unchecked. Doc. 8-2 at 1. In DHS' motion to pretermit Valero-Cabeza's protection applications, it notes that on November 20, 2025, he was charged as "removable under [Immigration and Nationality Act] § 212(a)(6)(A)(i) and (7)(A)(i)(I)." Doc. 8-6 at 2. This statute, codified at 8 U.S.C. § 1182(a)(6)(A)(i), applies to "[a]liens present without admission or parole" and not "arriving aliens," meaning his detention falls under § 1226 and not § 1225(b)(2). *See also* Doc. 8-3 at 2 (noting the current administrative charges are "alien present without admission or parole" and "immigrant without an immigrant visa"); Doc. 8-3 at 3 (noting that during his encounter by Border Patrol in Hidalgo, Texas, a "[Notice to Appear] was not issued and/or served on the court").[3]

I have previously ruled that petitioners who have been detained after residing in the United States for at least several years do not fit the criteria of § 1225(b)(2). *See Giron Reyes v. Lyons*, 801 F. Supp. 3d 797 (N.D. Iowa 2025); *Chilel Chilel v. Sheehan*, No. 25-cv-4053, 2025 WL 3158617 (N.D. Iowa Nov. 12, 2025). I adopt the same reasoning here to find that Valero-Cabeza is not subject to mandatory detention under § 1225(b)(2). Thus, respondents must provide Valero-Cabeza with a bond redetermination hearing upon his request.

As such, Fausto Valero-Cabeza's habeas petition (Doc. 1) is hereby **granted**. If Valero-Cabeza requests a bond redetermination hearing, respondents are **directed** to

---

[3] A notice to appear is what initiates a removal proceeding. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) ("In the ordinary course, if the Department of Homeland Security (DHS) discovers than an alien is living in the United States without an authorization, it may initiate removal proceedings against the alien by sending him a 'notice to appear.'" (footnote omitted)). If respondents did not treat him as being subject to mandatory detention under § 1225(b)(2) when they encountered him in 2022, then they cannot treat him as such now. *See Ochoa v. McCleary*, ___ F. Supp. 3d ___, 2026 WL 235589, at *7 (S.D. Iowa Jan. 2, 2026) (citing cases).

provide him with such a hearing, at which time he not be deemed ineligible for bond under 8 U.S.C. § 1225(b)(2), within **14 days** after the date of his request.[4]

**IT IS SO ORDERED** this 4th day of February, 2026.

_____
Leonard T. Strand
United States District Judge

---

[4] Because Valero-Cabez is proceeding pro se, respondents are directed to provide him any available standard forms for requesting a bond redetermination hearing. If no forms are available, respondents are directed to notify him regarding the proper procedure for requesting a hearing.

4